FILED
DEC 2 9 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | A05-101 CR (JWS) |
| vs. | ) ) | ORDER FROM CHAMBERS |
| CHAD E. ROCCA, | ) ) | [Re:  Motion at docket 12 ] |
| Defendant. | ) ) ) | |

## I. MOTION PRESENTED

At docket 12, defendant Chad E. Rocca moves to suppress the evidence obtained when police officers searched his trailer home on August 13, 2004. Magistrate Judge Roberts conducted an evidentiary hearing on December 2, 2005, regarding the circumstances surrounding the search. In a report at docket 18, the magistrate judge has presented recommended findings of fact and conclusions of law. Based thereon, he recommends that the motion be denied. Rocca filed objections at docket 25.

## II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

### III. DISCUSSION

This court has reviewed the file, including defendant's objections and a transcript of the evidentiary hearing.[5] The facts show that Rocca was not in custody at the time he indicated that the firearm was his, so there is no *Miranda* issue with respect to his statement about who owned the firearm. With respect to the main focus of Rocca's motion, based on all the facts and circumstances elicited at the evidentiary hearing, this court agrees with the magistrate judge that the government has borne its burden to show that Rocca did freely and voluntarily consent to the search which resulted in discovery of the firearm.

Rocca complains that the magistrate judge's mis-cited *United States v. Cervantes*.[6] This court agrees that the way in which *Cervantes* was cited is somewhat confusing. *Cervantes* dealt with a search undertaken without consent, because odors emanating from a dwelling provided reason to believe there was a dangerous condition inside–as it turned out there was, an unattended meth lab. In *Cervantes*, the Ninth Circuit adopted a three-part test to be used when the government seeks to legitimate a non-consensual search on the grounds that emergency circumstances warranted it. Here, of course, the facts disclose a rather different connection between the police response to a perceived emergency and the search in question. Here, the initial contact with Rocca was made because of legitimate concerns about public safety based on the report from Rocca's mother that he might be mentally unstable and

---

[2] *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 906 (3d Cir. 1992).

[5] The transcript is at doc. 17.

[6] 219 F.3d 882 (9th Cir. 2000).

threatening a neighbor with a firearm. However, the search was not conducted, because it was necessary to preserve life or limb. By the time of the search, the officers had talked to Rocca, who appeared to be functioning normally. Here, the search was based on a routine request to examine a firearm to see if had been stolen. Rocca need not have consented to such a search, but he did. This court reads Magistrate Judge Roberts' citation of *Cervantes* not as support for the search itself, but rather as supporting the initial response which led to contact with Rocca in the first place.

## IV. CONCLUSION

For the reasons discussed above, and with the preceding clarification of the relevance of the *Cervantes* decision, this court adopts the recommendations made by the magistrate judge. Based thereon, the motion at docket 12 is **DENIED**.

DATED at Anchorage, Alaska this 29th day of December 2005.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A05-0101--CR (JWS)    12-29-05

✓ M. DIENI (FPD)
✓ D. NESBETT (AUSA)
✓ MAGISTRATE JUDGE ROBERTS