Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>CHAD E. ROCCA,<br><br>                Defendant. | Case No. 3:05-cr-0101-JWS<br><br>DEFENDANT'S<br>SENTENCING MEMORANDUM |

Defendant, Chad E. Rocca, submits the following sentencing memorandum.

*A.     Introduction*

At sentencing, Mr. Rocca will request a mostly probationary sentence. He is in court for the first time for an offense that harmed no one. He is a devoted father. For most of his adult life he worked hard as a single dad to maintain a major role in his 11 year old daughter's life. He has maintained employment as a painter most of his adult life. He is a musician and a hang glider. For the most part, he has been a credit to the community.

The PSR contains indications that Mr. Rocca would benefit from drug and mental health counseling, each of which could be achieved outside of prison as a function of supervision.

On the record here, there is no compelling factual or legal basis for imposing a prison sentence. The statutory scheme provides options to the court, including probation. When viewed as a whole, the man and the offense and the principles set forth in the statutes that guide this court, probation or something close to it, is the proper result.

> B.  Legal Framework Allows For Probation or a Fine as an Alternative to Imprisonment

The offense, possession of an unregistered firearm, is a Class C felony. 26 U.S.C. § 5871; 18 U.S.C. § 3583(b)(3); PSR ¶ 101. The court is authorized to sentence Mr. Rocca to a term of probation. 18 U.S.C. § 3561(a). The court is also authorized to simply impose a fine, not more than $10,000, without either probation or imprisonment.[1] If the court finds it necessary, however, the court may sentence Mr. Rocca to a term of imprisonment of not more than 10 years. 18 U.S.C. § 3571. The United States Sentencing Guidelines recommend a sentence of 18 to 24 months, followed by a term of supervised release not to exceed three years. PSR ¶ 102; 18 U.S.C. § 3583(b)(2). The guidelines also provide for potential downward departures.

This Court is no doubt aware of the broad ramifications of *United States v. Booker* for this proceeding. Even if no formal downward departure can be specifically found, the sentencing guideline range is no longer binding on the Court. It is only one of

---

[1] The PSR is incorrect where it says that the fine may be as high as $250,000. PSR ¶ 109. The controlling statute 18 U.S.C. § 5871, limits the fine to $10,000.

five factors to be considered in determining the sentence. *Booker*, 125 S. Ct. at 764-65. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. *Id.*; 18 U.S.C. §§ 3553(a)(1), (a)(3), (a)(6)-(7).

In considering the § 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. *See United States v. Jaber*, 362 F. Supp. 2d 365, 370-76 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment); *United States v. Ranum*, 353 F. Supp. 2d 984, 987 (E.D. Wis. 2005) (same). Perhaps even more important, however, is that the *Booker* decision establishes a new, independent limit on the sentence that may be imposed.

The primary sentencing mandate of § 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment — justice, deterrence, incapacitation, and rehabilitation: The court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]. 18 U.S.C. § 3553(a) (emphasis added). This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is *statutorily prohibited* from sentencing — even when a greater sentence is recommended by the sentencing guidelines. *See United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

As noted above, even pre-*Booker*, the sentencing guidelines contained exceptions to the 18 to 24 month recommendation for situations where, as here, the offense constitutes "aberrational conduct" (USSG 5k2.20). *United States v. Lam*, 20 F.3d 999, 1003-05 (9th Cir. 1994) (four level departure granted where defendant possessed sawed-off shotgun, not knowing its illegality, to protect family).

Likewise, where the accused did not use the sawed off gun in an offensive or threatening way, and had no criminal record, the court could find that the harm contemplated by the offense was not implicated, and approved probation rather than the otherwise recommended 18 to 24 month guideline sentence. *United States v. White Buffalo*, 10 F.3d 575 (8th Cir. 1993) (the district court concluded a downward departure from 18 to 24 months to probation and alcohol treatment was justified under § 5K2.11, after finding that defendant possessed illegal gun while drunk driving but had not used the gun in a violent or offensive way).

One court in the post-*Booker* regime found cause under 18 U.S.C. § 3553(a) to reduce a guideline recommendation of 20 to 30 months to three months of straight probation for sale of a sawed off shotgun. *United States v. Myers*, 353 F. Supp. 2d 1026 (S.D. Iowa) (40 year old defendant with no record who lead otherwise blameless life convicted of selling short-barreled shotgun, where advisory guideline at 20 to 30 months, sentenced to three months probation because conduct aberrant and statutory purposes of sentencing satisfied).

  C. *The Offense*

Mr. Rocca is convicted of failing to register a shotgun with a barrel less than 18 inches in length. 26 U.S.C. §§ 5841, 5845(a)(1), 5861(d) and 5871. The uncontradicted police testimony from the suppression hearing suggests that Mr. Rocca may have done so innocently – that is, without knowledge of his legal obligations and the potential illegality of the weapon.

Police responded to a long-distance telephone call from Mr. Rocca's mother requesting a mental health welfare check. Police arrived at the scene and knocked on Mr. Rocca's door. Officer Henikman testified that Mr. Rocca appeared normal and was not acting at all in a strange manner. He reported that the conversation with Mr. Rocca was "casual" and "friendly" at the point in which the officer asked if Mr. Rocca had a firearm. When asked, he said he did. Mr. Rocca readily agreed to allow police to enter his trailer to check on the gun and he told police where to find it.

On this evidence, it would appear that Mr. Rocca did not, in fact, recognize that it was illegal to possess this particular weapon.

  D. *No Aspect of Mr. Rocca's Life or Offense Makes an Additional Period of Incarceration Necessary*

  1. *Mr. Rocca*

He is 34 years of age. He has no criminal record and comes to the court with zero criminal history points. He has maintained employment throughout his adult life. PSR ¶ 76-91. His involvement in the current offense has surprised people who have known him over the years. Letters from close family members describing him as conscientious, and gentle, and fastidious, and a "good person with a wonderful heart." Exhibits A, B, C, D.

5

Though never married, he has an eleven year old daughter, Brenna, for whom he has maintained a faithful and important role as father. Exhibits E, F. The attached letters that address the issue all suggest that separation of Brenna from her father will have a harsh effect. Exhibits A, B, C, D, E.

> 2. *The offense is not particularly serious, and there is no basis for finding that prison is necessary as a deterrent or to protect the public*

There is no reason to believe that the offense itself calls for prison either as deterrent, or because of the seriousness of the offense, or for purposes of the protection of the public. 18 U.S.C. § 3553(a).

This is a technical violation of a regulatory offense. The barrel was 13 and 1/4 inches in length,[2] and the law arbitrarily requires registration of any shotgun less than 18 inches in length. Mr. Rocca failed to register the gun, and for this he is convicted. As noted above, the evidence suggests that he was unaware of this legal obligation. Furthermore, there is no evidence that Mr. Rocca used or intended to use the gun for unlawful purposes.

While his lack of knowledge about the regulations regarding shotguns is no defense to the charge, it does reduce any concern about deterrence as compared to someone who willfully violated the criminal code. *See United States v. Bariek*, Slip Copy, 2005 WL 2334682 at p. 6 (E.D. Va. 2005) (deterrence not a reason to incarcerate where defendant violates regulations with "little or no *mens rea*").

---

[2] Undersigned counsel personally viewed the weapon and measured it. The barrel was lodged a half inch into the receiver, making it longer than 12 inches, just slightly greater than 13 inches.

In assessing deterrence, there is nothing from Mr. Rocca's background (or anyone else similarly situated) that would suggest that he is unable or unwilling to learn from this police intervention into his life that has already occurred. This court should keep in mind the totality of what has occurred here. This case began and progressed initially as a state court case. Therefore, Mr. Rocca has had to live for much more than a year and a half with this prosecution hanging over his head. At the time of his sentencing in this case, he will have waited more than 18 months to reach the end of the case. He will have served approximately 52 days in jail. He will have also served approximately 50 more days in *de facto* custody at the Cordova Center for which he will not receive credit for time served from the Bureau of Prisons. *See Reno v. Koray*, 515 U.S. 50, 115 S. Ct. 2021 (1995).

Finally, it is crucial that the court base its decision on reliable facts. The PSR contains unverified speculation on the part of Mr. Rocca's mother that he posed some sort of threat to his neighbors. The real record before the court is that no such allegation was ever made by anyone with first hand knowledge. The reason no such allegation exists is because it never happened. Mr. Rocca has no wish to war with his own mother, but she simply got it wrong. No one called the police to complain except Ms. Pennington. The uncontradicted record in the PSR is that Mr. Rocca, now 34 years of age, has no history of violence against anyone at any time.

E.   Conclusion

Realistically, on this record, the statutes authorizing punishment for this offense provide four general options:

1.   A fine only;

2. Probation only;

3. Imprisonment at a small level (e.g., roughly time-served) that permits Mr. Rocca to maintain his relationship to the Anchorage community;

4. Imprisonment that removes him from the community and puts him in prison for an extended period of time.

The conservative middle ground here is a probationary sentence, or a sentence of imprisonment equal to "time served," followed by supervised release. The key features will include a mental health and substance abuse assessment, both of which are available to Mr. Rocca in the context of supervision. The above cited case law and principles of law set forth in the statutes, and voices from the community, all support this result.

The extreme result would be to extract Mr. Rocca from this community for more than a year. The first and most destructive aspect of long term incarceration will be the loss of his ongoing relationship with his daughter, who he has diligently helped to raise. She is now at a vulnerable age, in the fourth grade, and nothing about the current offense should require him to forfeit the opportunity to continue to participate in her life.

DATED this 16th day of March, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on March 16, 2006, a copy of the foregoing document, with attachments, was served electronically on:

David A. Nesbett, Esq.

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 West 7th Avenue, No. 48, Room 168
Anchorage, AK  99513-7562

/s/ Michael D. Dieni