DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-101-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| CHAD E. ROCCA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, CHAD E. ROCCA, who is scheduled to be sentenced on March 23, 2006. For the reasons provided below, the government concurs with the recommendations made

by the final presentence report and recommends a sentence of 18 months.

I. BACKGROUND

On January 12, 2006, the defendant pled guilty to one count of possession of a prohibited firearm, in violation of 26 U.S.C. §§ 5841, 5845(a)(1), 5861(d) and 5871. The defendant also admitted Count 2, criminal forfeiture. During his plea colloquy, the defendant admitted that in August of 2004, he unlawfully possessed a shotgun, which had been transported in interstate commerce, with a barrel or barrels of less than 18 inches in length, which was not registered to him in the National Firearms Registration and Transfer Record.

II. SENTENCING CALCULATION

    A. Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant is ten (10) years imprisonment, a $10,000 fine, and a $100 special assessment.

    B. Sentencing Guidelines Calculation

As noted in the Addendum to the Presentence Report ("PSR"), the United States did not have any objections to the PSR and the defendant's objections have been resolved. The guideline imprisonment range is 18-24 months.

III. GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence

within the sentencing range. When considering the factors set out in 18 U.S.C. § 3553, several factors are particularly relevant in this case: the nature and circumstances of the offense and the history and characteristics of the defendant, and the defendant's prospects for rehabilitation.

First, the defendant was relatively cooperative with law enforcement. On contact with police, he provided consent to search his residence and appeared to answer their questions truthfully; he admitted to possessing the shotgun. The officers discovered a small marijuana grow operation inside his residence. There was marijuana in his clothes dryer, equipment for growing marijuana plants strewn about a utility room, and marijuana plants scattered about his residence. The operation was minor enough, however, that the officers did not deem it necessary to preserve much the equipment or evidence.

Second, the defendant has excellent prospects for rehabilitation. Other than minor vehicle infractions, the defendant has no significant criminal history. In February of 2006 (while in custody at the Cordova Center) urinalysis results indicate the use of methamphetamine. However, there is no overt evidence of serious controlled substances abuse or a history of violence. The defendant appears to be at a crossroads. Mr. Rocca is in the unique position to determine the direction his future will take.

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence at the low end of the sentencing range of 18-24 months is appropriate. Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **18 months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(4)   **A two (2) year period of supervised release,** and

(5)   **A special assessment in the amount of $100.00** is, of course, required.


RESPECTFULLY SUBMITTED this 16th day of March, 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2005,
a copy of the foregoing was served
electronically on Michael Dieni.

s/ David A. Nesbett